IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bettcher Industries, Inc., | Case No. 3:08 CV 2423 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bunzl Processor Distribution, LLC, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Bettcher Industries, Inc. brought a claim for patent infringement against Defendant Bunzl Processor Distribution, LLC (Doc. No. 31). The patent at issue relates to rotary knife blades used in the meat processing industry. Defendant filed counterclaims for declaratory relief, asserting non-infringement and invalidity of the patent (Doc. No. 34). A jury returned a verdict in favor of Defendant on the infringement issue and in favor of Plaintiff on the invalidity issue (Doc. No. 245). This Court's Judgment ordered that "plaintiff recover nothing, the action be dismissed on the merits, and that the defendant recover costs from the plaintiff" (Doc. No. 248).

Currently pending is Plaintiff's Motion to Amend Judgment pursuant to Federal Civil Rule 59 (Doc. No. 251).[1] Plaintiff requests that the Judgment be modified to reflect the jury's finding of patent validity and to deny costs to Defendant. Plaintiff also filed a separate Opposition (Doc. No.

---

[1] In the same Motion, Plaintiff requests a new trial pursuant to Federal Civil Rule 50. This Court will address Plaintiff's request for a new trial at a later date, together with Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial on the Issue of Invalidity (Doc. No. 252).

250) to Defendant's Bill of Costs (Doc. No. 249). Defendant filed a Reply (Doc. No. 254) in support of its Bill of Costs.

## DISCUSSION

### Judgment as to Patent Validity

The verdict form asked the jury the following question regarding invalidity: "Do you find that Defendant Bunzl has shown, by clear and convincing evidence, that at least one of the asserted claims of the 325 Patent is invalid?" The jury circled "No." It is proper for questions of patent validity to be adjudicated even when there is a finding of non-infringement. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100-01 (1993). Accordingly, Plaintiff's request that the Judgment be modified to reflect the jury's validity finding is well-taken. The Judgment will be so modified.

### Costs Under Rule 54(d)

Federal Civil Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Plaintiff asks this Court to exercise its discretion to deny costs to Defendant for two reasons: (1) Defendant was not the only prevailing party, as Plaintiff prevailed on the invalidity issue; and (2) awarding costs is inappropriate in such a close and difficult case.

Whether a party in a patent suit is "prevailing" within the meaning of Rule 54 is governed by Federal Circuit law. *Power Mosfet Tech., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). Identification of the prevailing party depends "on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). In the instant case, Plaintiff's overall objective was to secure monetary and injunctive relief against Defendant;

2

Defendant's objective was to continue to sell its product, and to avoid paying damages to Plaintiff. Through the jury's verdict of non-infringement, Defendant achieved its objective, and Plaintiff did not; Defendant was therefore the prevailing party. Plaintiff's victory on the issue of patent validity does not alter Defendant's status as the overall prevailing party. *See id.* ("When [the defendant] established its non-infringement . . . it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome . . ."). Thus, Defendant was the prevailing party and is eligible to receive costs under Rule 54.

However, a prevailing party is not automatically entitled to costs, as a district court has discretion to deny costs under Rule 54(d). *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). A district court's application of Rule 54(d) is guided by regional circuit law. *Id.* In the Sixth Circuit, Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).[2] The parties agree that a court may appropriately deny costs in a "close and difficult" case. *See id.* (citing *U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)).[3] However, they dispute whether this case was "close and difficult." For the following reasons, this Court finds that this case was indeed "close and difficult," and therefore Defendant is not entitled to costs under Rule 54(d).

---

[2]

*White & White* addressed an earlier version of Rule 54(d): "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 786 F.2d at 730. That language is substantively identical to the current version, and the holding of *White & White* therefore remains relevant.

[3]

Other factors may also be relevant, but a finding that a case is "close and difficult" is sufficient by itself to deny costs. *See White & White*, 786 F.2d at 730 (describing a "close and difficult case" as one of "several circumstances in which a denial of costs is a proper exercise of discretion," and noting other examples of "relevant but insufficient bas[es] for denying costs").

The "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732-33. Deciding the technical and somewhat novel patent issues in this case surely demanded an intense "refinement of perception" of both this Court and the jury. This case required defining and applying such words as "frustoconical," and grappling with dueling expert testimony on the behavior of bearing surfaces -- no easy task for a Court or jurors who lack technical training in mechanical engineering.

In addition, this Court found a likelihood of success on the merits in favor of Plaintiff at the preliminary injunction stage, based on evidence largely similar to that presented at trial. *See Bettcher Indus., Inc. v. Bunzl USA Inc.*, 692 F. Supp. 2d 805, 816 (N.D. Ohio 2010). As it turns out, the jury came to the opposite conclusion on the infringement issue, indicating that reasonable minds could view the merits of the case differently (if this Court may be so presumptuous to label its own preliminary view "reasonable"). On the whole, then, this case falls into the "close and difficult" category described in *White & White*.

Defendant attempts to distinguish *White & White* and *U.S. Plywood* -- the Sixth Circuit's seminal "close and difficult" cases -- on two grounds. First, Defendant notes that both *White & White* and *U.S. Plywood* were decided after bench trials, while this case was resolved by a unanimous jury verdict. Inquiring into the closeness of a case following a jury verdict is inappropriate, argues Defendant, because it would be tantamount to invading the secrecy of jury deliberations. But Defendant cites no supporting authority for its argument, which makes little sense in light of the discretion granted to trial courts to determine whether costs are appropriate. That discretion allows this Court to make its own independent judgment about whether the case was close and difficult.

4

Furthermore, simply because the jurors returned a unanimous verdict does not mean they found the case to be clear-cut. Indeed, there is some indication that the jury struggled to reach a unanimous verdict: after more than a day of deliberations, they notified the Court that they were deadlocked, prompting the Court to provide them with an *Allen*-type charge (Doc. No. 246).

Second, Defendant notes that the trials in *White & White* (eighty days, 786 F.2d at 732) and *U.S. Plywood* (over two months, 230 F. Supp. 831, 832 (W.D. Ky. 1964)) were much longer than the trial in this case, which took less than two weeks. Defendant also notes that a number of issues in this case were decided on pretrial motions. But brevity (as much as it is appreciated by this Court) does not necessarily indicate simplicity. Moreover, the Sixth Circuit has upheld the denial of costs in a "close and difficult" case when the case did not go to trial at all, but rather was decided on motions. *See Knology, Inc. v. Insight Communciations Co., L.P.*, 460 F.3d 722, 728 (6th Cir. 2006). In sum, this Court is not persuaded by Defendant's attempts to distinguish *White & White* and *U.S. Plywood*.

Finally, this Court believes Plaintiff's victory on the validity issue also weighs against granting costs to Defendant. *Cf. Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (district court did not abuse discretion in denying costs under Rule 54(d) when one party prevailed on validity and the other party prevailed on all other issues). As noted above, the jury's finding on validity does not mean that Plaintiff was a prevailing party overall, but it does mean that Plaintiff prevailed on an issue that consumed a portion of the trial and an even larger portion of the pretrial proceedings (this Court's pretrial rulings prevented several of Defendant's invalidity arguments from being presented at trial). And regardless of the finding of non-infringement, the jury's conclusion on the patent's validity is an important result, as it means that Plaintiff can continue to enforce its patent rights against others. *See Cardinal Chem.*, 508 U.S. at 100-101.

## CONCLUSION

Plaintiff's Motion to Amend Judgment is granted in part. The Judgment is modified to reflect the jury's finding that the patent is valid. In addition, because this was a "close and difficult" case, each party should bear its own costs. The Judgment is amended accordingly.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 6, 2010